USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _3/16/2021_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL NIEVES,

                         Plaintiff,

          -against-

THE NEW YORK STATE OFFICE OF
MENTAL HEALTH; THE NEW YORK CITY
HEALTH AND HOSPITALS CORP.;
LEONARDO V. LOPEZ, MD; SWATI
SHIVALE, MD; TARAH SCANLON;
CATHERINE MIER; ASHLEY L. VALENCIA,
MD; ROBERT NADRICH, MD,

                         Defendants.

20-CV-9502 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

        Plaintiff, currently detained at Bellevue Hospital Prison Ward ("Bellevue"), brings this

*pro se* action under 42 U.S.C. § 1983. After Plaintiff filed his initial complaint, he filed a series

of letters seeking to add or withdraw claims and parties. By order dated January 7, 2021, the

Court directed Plaintiff to include all of his claims in a single amended complaint, naming the

parties that he intended to sue.

        On February 8, 2020, Plaintiff filed an amended complaint naming as defendants six

Bellevue doctors (Leonardo Lopez, Catherine Mier, Robert Nadrich, Tarah Scanlon, Swati

Shivale, and Ashley Valencia), the New York City Health and Hospitals Corporation, and the

New York State Office of Mental Health (OMH).[1] Plaintiff directs the Court to "refer to the filed

---

[1] In the amended complaint, Plaintiff drops the claims raised in his initial complaint (ECF
2) against "the United States Federal Government," the State of New York, Dr. Popeo, and Ann
Mariet, Commissioner of OMH.

complaint" for his factual allegations. The Court liberally construes the amended complaint (ECF 11) as incorporating the allegations of Plaintiff's original complaint (ECF 2).

By order dated February 23, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis original).

## DISCUSSION

A.      **New York State Office of Mental Health**

Plaintiff sues the New York State OMH under § 1983. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh

---

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Eleventh Amendment therefore bars Plaintiff's § 1983 claims against the New York State OMH, and Plaintiff's § 1983 claims against OMH are dismissed. 28 U.S.C. § 1915 (e)(2)(b)(iii).

## B.    Service on Named Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the

3

Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants New York City Health and Hospitals Corporation, Leonardo V. Lopez, Catherine Mier, Robert Nadrich, Tarah Scanlon, Swati Shivale, and Ashley L. Valencia through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.      Request for Pro Bono Counsel**

Plaintiff filed a motion for the Court to request pro bono counsel. (ECF 6.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Court liberally construes the amended complaint (ECF 11) as incorporating the allegations of Plaintiff's original complaint (ECF 2) and treats them together as

the operative complaint. The Court dismisses Plaintiff's claims against the New York State

Office of Mental Health, 28 U.S.C. § 1915(e)(2)(B)(iii), and denies his request for pro bono

counsel (ECF 6).

The Clerk of Court is further instructed to complete the USM-285 forms with the

addresses for Defendants New York City Health and Hospitals Corporation, Leonardo V. Lopez,

Catherine Mier, Robert Nadrich, Tarah Scanlon, Swati Shivale, and Ashley L. Valencia, and

deliver to the U.S. Marshals Service all documents necessary to effect service, including the

original and amended complaints. (ECF Nos. 2, 11.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 16, 2021
         New York, New York

_____
GREGORY H. WOODS
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      New York City Health + Hospitals
        125 Worth Street
        New York, NY 10013

2.      Leonardo V. Lopez, M.D.
        Bellevue Hospital
        462 First Avenue
        New York, NY 10016

3.      Catherine Mier, M.D.
        Bellevue Hospital
        462 First Avenue
        New York, NY 10016

4.      Robert Nadrich, M.D.
        Bellevue Hospital
        462 First Avenue
        New York, NY 10016

5.      Tarah Scanlon, M.D.
        Bellevue Hospital
        462 First Avenue
        New York, NY 10016

6.      Swati Shivale, M.D.
        Bellevue Hospital
        462 First Avenue
        New York, NY 10016

7.      Ashley L. Valencia, M.D.
        Bellevue Hospital
        462 First Avenue
        New York, NY 10016